Shatjgk, J.
The motion is made under favor of the following rule of this court: “In all cases in which the judgment of the circuit court reversing the judgment of the court of common pleas, is wholly or partly on the ground that such judgment is not sustained by sufficient evidence, and a petition in error is filed in this court upon the record of the circuit court, a motion to affirm such judgment forthwith will be entertained.” The rule regards the provisions of Section 6709 of the Revised Statutes that “in every case where a judgment or order is reversed and remanded for a new trial or hearing, the circuit court shall in its mandate to the court below state the error or errors found in the record upon which the judgment is founded;” and the provision of section 6710 of the Revised Statutes that “the supreme court shall not in any cause or proceeding, except when its jurisdiction is original, *282 be required to determine as to the weight of the evidence.”
It is conceived that, notwithstanding the provision last quoted, cases may arise involving public considerations of so grave a character that it would be the duty of this court to consider and determine as to the weight of the evidence. Because the jurisdiction referred to remains in this court, motions to dismiss petitions in error for the reason that the judgments of reversal rendered by the circuit courts were wholly or partly upon the ground that the judgments of the common pleas court were contrary to the weight of the evidence, have been uniformly overruled. The rule under consideration was framed to meet this condition and to prevent the unnecessary accumulation here of cases in which the judgments of the circuit court must be affirmed because supported by a consideration which this court will not review, it being understood that upon a motion to affirm it will be determined whether this court should consider the weight of the evidence. The record before us presents no reason why that subject should be considered here. The rule assumes that the circuit court will in all cases perform the duty defined in section 6709 by passing upon all errors assigned and stating the grounds’"of its judgment reversing that of the court of common pleas. No dire consequences are to be apprehended from this rule. The assumption which it makes is justified not only by the terms of the statute but by our knowledge of the practice in the circuit court. If it be true that the weight of the evidence was not' a ground of reversal in this case, it was only necessary that in the preparation of the judgment entry counsel should have used apt language to exclude that consideration from the *283 grounds of reversal, or, if necessary, apply to the circuit court for a more definite statement of such ground. Reference to its opinion cannot be made to correct a supposed inadvertence in the entry of its judgment.
The difficulty encountered by the plaintiffs is not met by the suggestion of a diminution of the record. The entire record is here. The claim of counsel is, that from the record that appears to have been adjudged by the circuit court which was not in fact adjudged. Upon a question of that character the record, even if inadvertently made, must be accepted as conclusive.

Motion to affirm sustained.